**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| Outdoor One Communications LLC, | Case No. |
| Plaintiff, | Hon. |
| v. | **COMPLAINT** |
| Charter Township of Comstock, | |
| Defendant. | |

Donald R. Sheff II (P78262)
OUTDOOR ONE COMMUNICATIONS LLC
Attorney for Plaintiff
39555 Orchard Hill Place, Suite 600
Novi, Michigan 48375
248-289-5895
dsheff@primesitellc.com

## COMPLAINT

Outdoor One Communications LLC ("OOC") complains against defendant Charter Township of Comstock ("Comstock Township" or "Township") as follows:

## PARTIES

1. OOC is a Michigan limited liability company with its principal place of business located in the City of Novi, County of Oakland, and State of Michigan.

2. Comstock Township is a Michigan municipal corporation organized under the laws of Michigan and located in Kalamazoo County, Michigan.

## JURISDICTION AND VENUE

3. This action arises under the United States Constitution, particularly the First and Fourteenth Amendments, and the Civil Rights Act, 42 U.S.C. § 1983.

4. The Court has jurisdiction over this action under 28 U.S.C. § 1331 because OOC asserts claims arising under the United States Constitution and 42 U.S.C. § 1983.

5. The Court has jurisdiction over this action under 28 U.S.C. § 1343(a) (3) and (4) because OOC seeks to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

6. The Court has jurisdiction over this action under 28 U.S.C. §§ 2201 and 2202 to declare OOC's rights and grant all further relief found necessary and proper.

7. Venue is proper in the Court under 28 U.S.C. §§ 1391(b) (1) and (2) because the Defendant resides and OOC's claims arose in this judicial district.

## COMMON ALLEGATIONS

### The Comstock Township Sign Ordinance

8. Comstock Township regulates the display of signs through Part 300, Article 8.00 of the Comstock Township Zoning Ordinance ("Sign Ordinance"). The Sign Ordinance, in its entirety, is attached to this Complaint as **Exhibit A** and is incorporated herein.

9. Section 8.01 of the Sign Ordinance set forth the Township's purpose of its sign regulations as follows:

> The purpose of this Article is to permit such signs as will not, by reason of their size, location, construction, or manner of display, endanger life and limb, confuse or mislead traffic, obstruct vision necessary for traffic safety, or otherwise endanger the public health or safety; and further, to regulate such permitted signs in such a way as to create land use patterns compatible with other major land use objectives and to prevent such signs from causing annoyance or disturbance to the residents of the Charter Township of Comstock.

Sign Ordinance, Section 8.01.

10. Any sign that is "not expressly permitted by this [Sign] Ordinance" is prohibited. Section 8.04.e.

11. Comstock Township's Sign Ordinance contains a permitting process, applicable to only some categories of signs, in which it states that "[n]o sign with a surface display area exceeding three (3) square feet shall be erected or structurally altered within any zoning district within Comstock Charter Township until a permit therefore has been obtained from the Township Zoning Administrator." Section 8.03.6.

12. However, certain categories of signs are exempted from the permitting requirement altogether based upon the content of the sign's message. These exempted categories of signs include:

    a. "Election Campaign" signs, Section 8.03.6.;

3

      b. "Real Estate (for sale or lease) Signs," *id.*; and

      c. content that the Sign Ordinance deems a "Flag." *See* Section 8.02.6.A.

13. Further, the Sign Ordinance facially makes other distinctions in its regulation of signs based on their content and the identity of the speaker which do not survive strict or intermediate scrutiny.

14. These distinctions include, among other categories of signs, the following:

      a. "Billboard," which is defined as "[a]n off-premise outdoor sign, advertising services or products, activities, persons or events which are not made, produced, assembled, stored, distributed, leased, sold, or conducted upon the premises upon which the billboard is located." Section 8.02.2.

      b. "High-Rise Sign," which is defined as "[a] freestanding sign exceeding 35' in height, directed primarily to traffic along U.S. Interstate I-94, identifying or advertising the business on the parcel on which the sign is located." Section 8.02.8.

      c. "Election Campaign Signs" which is defined as "[a] sign advertising a candidate or soliciting votes in support of or against any proposition or issue at any general, primary, special, school, or any other election." However, "[p]ermanent billboards advertising such political matters shall not constitute an election campaign sign." Section 8.02.5.

      d. "Building identification Sign," which is defined as "[a] permanent sign that identifies the name of the building, but displays no goods or services for sale or other advertising. It shall be considered a wall sign and subject to those size restrictions." Section 8.02.2.A.

    e. "[T]ime and temperature sign." *See* Section 8.03.3.b.

    f. Signs for "institutions for human care, houses of worship, educational, or social institutions, and governmental buildings." *See* Section 8.05.1.b.

    g. "Historical Marker Sign" which is defined as "[o]ne (1) sign identifying for noncommercial purposes a historical event, place or structure which occurred or is located upon the premises on which the sign is placed shall be allowed." Section 8.05.1.f.

15. The way Comstock Township regulates signs, therefore, depends on the content and identity of the speaker.

16. Comstock Township favors certain content of speech over other content by excluding the favored speech from some or all regulation under the Sign Ordinance.

17. Such favored speakers are exempt from regulation, their messages can be placed without a permit, and, in certain instances, are exempt from other zoning requirements.

18. The Sign Ordinance incorporates a regulatory distinction between so-called on-premises and off-premises signs.[1]

19. The Sign Ordinance's "off-premise[s]" regulatory distinction depends upon the content of the message displayed on the sign – an off-premises sign does not make reference to some thing or activity on the premises where the sign is located. *See* Section 8.02.2.

20. A "billboard" is considered an "off-premise[s] outdoor sign, advertising services or products, activities, persons or events which are not made, produced, assembled, stored, distributed, leased, sold, or conducted upon the premises upon which the billboard is located." Section 8.02.2.

---

[1] The Sign Ordinance uses the grammatically incorrect phrase "off-premise" when referring to this category of signs.

21. As a result, the regulation of the placement, size, height, and other features of some signs depend on whether or not the message refers to "services or products, activities, persons or events which are not made, produced, assembled, stored, distributed, leased, sold, or conducted upon the premises upon which the [sign] is located." *See* Section 8.02.2.

22. For example, if a sign on vacant land were to display a bible verse, an ideological message, or a message criticizing a government official, the Sign Ordinance would deem it to be an "off-premise[s]" billboard and it, therefore, would be subject to placement and spacing restrictions not applicable to signs displaying other types of content. *Compare* Section 8.06, *with* Section 8.05.3.

### Comstock Township Denied OOC's Sign Permit Application

23. OOC is engaged in the business of erecting and maintaining outdoor advertising displays, commonly known as billboards, on property it leases for that purpose. OOC earns revenue by charging advertisers to display their messages on the billboards.

24. OOC billboards permit the display of noncommercial and truthful commercial messages. For example, the messages on OOC billboards are permitted to involve political issues, paid and unpaid religious messages and unpaid memorial tributes.

25. Digital billboards, like the one OOC proposes to erect in Comstock Township, incorporate unique technology that allow Amber Alerts, real-time weather warnings, and other time-sensitive emergency messages to be communicated to the public instantly.

26. Billboard advertising is a form of speech protected under the First Amendment to the U.S. Constitution. In *Metromedia, Inc. v. City of San Diego*, the Supreme Court explained that "[t]he outdoor sign or symbol is a venerable medium for expressing political, social and commercial ideas. From the poster or 'broadside' to the billboard, outdoor signs have placed a

prominent role throughout American history, rallying support for political and social causes." 453 U.S. 490, 501 (1981) (cleaned up).

27. OOC and third-parties enjoy the right under the First and Fourteenth Amendments to the U.S. Constitution to convey messages to others through the use of billboards, including, but not limited to ideological speech, religious speech, political speech, other forms of noncommercial speech and truthful commercial messages.

28. On February 25, 2020, OOC submitted a sign permit application to Comstock Township, in accordance with its Sign Ordinance, in order to obtain a sign permit to erect a billboard in the Township at a parcel of real property adjacent to Interstate I-94 identified by parcel/tax identification number 3907-30-380-020 (the "Site") with permission of the property owner, Business One USA Inc. *See* **Exhibit B**.

29. The Site is zoned LM (Light Manufacturing District) that permits the erection of signs as regulated by the Sign Ordinance.

30. OOC satisfies all requirements for approval from the Michigan Department of Transportation under Michigan's Highway Advertising Act, M.C.L. § 252.301, et seq., for the erection of a billboard on the Site.

31. On February 26, 2020, Comstock Township's Planning and Zoning Administrator informed OOC via email, in part, that:

> A permit cannot be issued for the billboard in the proposed location as it is within a mile of three other billboards and within 500 [sic] of a residential zone and residence(s). I have attached the appropriate excerpt of the zoning ordinance for your information. Additionally, the setback does not appear to meet the requirements of the ordinance.
>
> **Exhibit C**.

32. The "appropriate excerpt of the zoning ordinance" that the Planning and Zoning Administrator attached to her February 26, 2020 email is Part 300, Article 8.00 of the Comstock Township Zoning Ordinance.

33. The specific spacing and setback requirements that the Planning and Zoning Administrator identified in her February 26, 2020 email are applicable to billboards.

34. The Sign Ordinance unconstitutionally restricts OOC's ability to erect and use its billboards and, therefore, violates OOC's right to free speech protected by the United States Constitution.

35. Comstock Township acted under color of state law when it enacted and enforced the Sign Ordinance.

36. Comstock Township acted under color of state law to prohibit OOC from erecting and maintaining a billboard in the Township.

37. The Sign Ordinance is facially unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution.

38. The enforcement of the Sign Ordinance has and will continue to cause OOC harm, including irreparable harm, by depriving OOC of its constitutional rights under the First and Fourteenth Amendments.

39. It is believed and therefore alleged that the Township engaged in a course of conduct designed and intended to violate the constitutional and civil rights of OOC, as well as other persons seeking to erect billboards within the Township, and that punitive damages should be awarded.

40.     OOC has suffered and will continue to suffer harm and damages because of the Sign Ordinance, including the actual and threatened enforcement thereof, and its inability to erect and use its proposed billboard in Comstock Township.

**COUNT I**
**42 U.S.C. § 1983**
**DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW —**
**<u>UNCONSTITUTIONAL CONTENT-BASED RESTRICTIONS</u>**

41.     OOC incorporates by reference paragraphs 1-40 above.

42.     Comstock Township has enacted and enforced the Sign Ordinance under color of state law.

43.     Restrictions on speech that are content-based are subject to strict scrutiny.

44.     Strict scrutiny requires that the content-based speech restrictions be narrowly tailored to achieve a compelling government interest.

45.     The Sign Ordinance is content-based because it regulates signs on the basis of the message displayed.

46.     The Sign Ordinance is content-based because it regulates signs on the basis of the identity of the speaker.

47.     The Sign Ordinance is content-based because it regulates signs on the basis of the activity conducted on the premises where the speaker seeks to display the sign.

48.     For example, Section 8.06 contains regulations only applicable to "billboards."

49.     If the sign content references "services or products, activities, persons or events which are not made, produced, assembled, stored, distributed, leased, sold, or conducted upon the premises upon which the [sign] is located" it is subject to restrictive regulations pertaining to sign spacing, setback, and placement not applicable to signs displaying other content. *Compare* Sections 8.06 *and* 8.02.2., *with* Section 8.05.3.

50. Under the Sign Ordinance, billboards are defined by the content of the message displayed on the sign. *See* Section 8.02.2.

51. The Sign Ordinance's regulatory distinctions based upon whether a sign displays off-premises content is unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution. *See Thomas v. Bright*, 937 F.3d 721, 729, 738 (6th Cir. 2019).

52. The Sign Ordinance's regulatory distinctions based on the content of the sign are unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution because they are not narrowly tailored to achieve a compelling government interest.

53. The Sign Ordinance's regulatory distinctions based upon the identity of the speaker are unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution because they are not narrowly tailored to achieve a compelling government interest.

54. The Sign Ordinance is unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution because it favors commercial speech over noncommercial speech. *Compare e.g.*, Section 8.05.3., *with* Section 8.06. *and* Sections 8.05.1.d.-f.

55. The Sign Ordinance is unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution because it regulates and restricts certain subclasses of core protected speech differently based on the content of the message. *See e.g.*, Sections 8.05.d.-f.; 8.06.

56. The Sign Ordinance is unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution because it does not identify a compelling government interest in regulating signs based on their content or the identity of the speaker.

57. OOC has suffered and will continue to suffer financial and other harm because of its inability to erect and use its proposed billboard.

WHEREFORE, Plaintiff OOC prays for judgment against Comstock Township granting OOC injunctive and declaratory relief and awarding it damages in an amount to be determined at trial, together with attorney fees and other fees authorized by 42 U.S.C. § 1988, plus costs and interest, along with any other further relief the Court may deem just, proper, and equitable.

**COUNT II
42 U.S.C. § 1983
VIOLATION OF OOC's FIRST AND
FOURTEENTH AMENDMENT RIGHTS
<u>FREE SPEECH</u>**

58. OOC incorporates by reference paragraphs 1-57 above.

59. To satisfy the First and Fourteenth Amendments, any attempt by Comstock Township to regulate or restrict OOC's display of its signs must directly advance a sufficient government interest and be narrowly tailored to reach no further than necessary to achieve that interest.

60. Content-neutral regulations of speech must be narrowly tailored and must not burden more speech than necessary to achieve a substantial governmental interest.

61. The Sign Ordinance constitutes an unconstitutional overinclusive regulation of speech because it prohibits far more speech than necessary to advance the Township's stated interests in the regulation of speech.

62. The Sign Ordinance constitutes an unconstitutional underinclusive regulation of speech because it exempts certain types of signs from some or all regulation in a manner that undermines its stated interests in speech regulation.

63. For example, the Sign Ordinance restricts signs that display content which deems them "billboards" in the following manner: "Not more than three (3) billboards may be located per linear mile of street or highway regardless of the fact that such billboard may be located on

different sides of the subject street or highway. The linear mile measurement shall not be limited to the boundaries of the Charter Township of Comstock where the particular street or highway extends beyond such boundaries." Section 8.06.1.

64. However, if a sign displays a message that refers to products sold on the premises, it would be subject to less restrictive spacing requirements when compared to such signs regulated under Section 8.06.

65. The purported health, traffic safety, and aesthetic interests identified in the "Intent" section of the Sign Ordinance are not promoted by requiring, for example, signs that displays a pro or anti-war political message to be separated from each other at a distance of three signs per mile while imposing no spacing restrictions between signs advertising on-premises retail goods.

66. Similarly, while election campaign signs are exempt from the sign permit requirement under the Sign Ordinance, political viewpoint signs unrelated to an election require a permit to be displayed. *See* Sections 8.02.5.; 8.03.6.

67. The Sign Ordinance allows businesses to display certain types of signs in the Township which individuals or non-business organizations may not display. *See e.g.*, Section 8.05.3. (allowing only *businesses* to display a 185 square foot sign advertising its on-premises activity or use).

68. The Sign Ordinance's disparate regulation of signs based on their message or the speaker does not directly advance a substantial government interest.

69. The Sign Ordinance is unconstitutional because it regulates signs based on the presence and character of the activity conducted on the premises where the speaker seeks to display the sign.

70. The Sign Ordinance is unconstitutional because subjecting signs displaying ideological, political, religious, and other off-premises speech to regulatory restrictions that are not applied to signs displaying favored commercial and other noncommercial speech does not directly advance a substantial government interest.

71. The Sign Ordinance is unconstitutional because exempting broad categories of signs from regulation based upon the message referencing a use related to the premises upon which they are located does not directly advance a substantial government interest and is not narrowly tailored.

72. The Sign Ordinance is unconstitutional because exempting signs from regulation based upon the speaker does not advance a substantial government interest and is, therefore, an unconstitutional underinclusive regulation of speech.

WHEREFORE, Plaintiff OOC prays for judgment against Comstock Township granting OOC injunctive and declaratory relief and awarding it damages in an amount to be determined at trial, together with attorney fees and other fees authorized by 42 U.S.C. § 1988, plus costs and interest, along with any other further relief the Court may deem just, proper, and equitable.

## COUNT III
## 42 U.S.C. § 1983 DEPRIVATION OF
## CIVIL RIGHTS UNDER COLOR OF STATE LAW —
## UNCONSTITUTIONAL PRIOR RESTRAINT

73. OOC incorporates by reference paragraphs 1-72 above.

74. The requirement of government approval, by way of a license, permit, or otherwise, before engaging in expression is a prior restraint that is presumed to be unconstitutional unless certain safeguards are met, including, but not limited to, definite and objective standards to guide the decision to issue a permit and a brief time in which the decision must be made either to grant or deny the permit, among other requirements.

75. "Any application for the permit required hereunder shall be on an application form prescribed by the Township Zoning Administrator and shall be accompanied by such fee as may from time to time be determined by resolution of the Comstock Charter Township Board. No sign permit shall be issued until the Township Zoning Administrator is satisfied that the sign to be constructed or altered complies with the provisions of this Ordinance." Section 8.03.6.

76. The Sign Ordinance does not contain any time limit under which Comstock Township must act on a sign permit application.

77. The Sign Ordinance unconstitutionally grants unfettered discretion to the Township's Zoning Administrator in the decision to permit the erection of a billboard because the Sign Ordinance lacks narrow, objective, and definite standard to guide the decision of the Zoning Administrator. Instead, the Zoning Administrator possesses unbridled discretion in making the decision to approve or deny a sign permit application.

78. The Sign Ordinance's content-based scheme of sign regulation necessarily requires the Township to evaluate the content of proposed signs, how a sign's content could be interpreted, and whether a message sufficiently relates to the premises upon which the sign is placed in order to determine whether to apply differing degrees of regulation.

79. The content-based sign regulations that make up the Sign Ordinance provide unchecked and unbridled discretion to the Township in deciding whether to approve or deny a sign permit application and, therefore, constitute an unconstitutional prior restraint of speech.

80. The Sign Ordinance, therefore, lacks the procedural safeguards that the First and Fourteenth Amendment require in any scheme that imposes a license or permit requirement on expression.

WHEREFORE, Plaintiff OOC prays for judgment against Comstock Township granting OOC injunctive and declaratory relief and awarding it damages in an amount to be determined at trial, together with attorney fees and other fees authorized by 42 U.S.C. § 1988, plus costs and interest, along with any other further relief the Court may deem just, proper, and equitable.

## COUNT IV
## 42 U.S.C. § 1983 DEPRIVATION OF
## CIVIL RIGHTS UNDER COLOR OF STATE LAW —
## <u>VAGUENESS</u>

81. OOC incorporates by reference paragraphs 1-80 above.

82. "[W]here a vague statute abut(s) upon sensitive areas of basic First Amendment freedoms, . . . it operates to inhibit the exercise of (those) freedoms." *Grayned v. City of Rockford*, 408 U.S. 104, 109 (1972) (citations and quotations omitted).

83. "[I]f arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them." *Id.* at 108 (citations omitted).

84. The Sign Ordinance's lack of any stated guidelines for approval of a sign permit, along with the content, speaker, and activity-based regulations renders the Sign Ordinance unconstitutionally vague.

WHEREFORE, Plaintiff OOC prays for judgment against Comstock Township granting OOC injunctive and declaratory relief and awarding it damages in an amount to be determined at trial, together with attorney fees and other fees authorized by 42 U.S.C. § 1988, plus costs and interest, along with any other further relief the Court may deem just, proper, and equitable.

Respectfully submitted,

By:/s/Donald R. Sheff II
    Donald R. Sheff II (P78262)
General Counsel
Outdoor One Communications LLC
Attorney for Plaintiff
39555 Orchard Hill Place, Suite 600
Novi, Michigan 48375
248-289-5895
dsheff@primesitellc.com

Date: April 17, 2020